Stephen Laudig #8038
2440 Campus Road #429
Honolulu, HI 96822
Telephone 808-847-3371
Facsimile 866-220-2178
Email SteveLaudig@aol.com
Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR - 5 2007

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM E. WOODS-BATEMAN, <br> Plaintiff, <br><br> v. <br><br> STATE OF HAWAI'I, DEPARTMENT OF HEALTH of the State of Hawai'i, CHIYOME FUKINO, in her official capacity as Director of the Hawai'i State Department of Health, SUSAN JACKSON, in her official capacity as Deputy Director of the Office of the Deputy Director of Health of the Hawai'i State Department of Health, and ALVIN T. ONAKA, in his official capacity as State Registrar and Chief of the Office of Health Status of the Hawai'i State Department of Health <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. **C V 07   00119   HG LEK** <br><br> **COMPLAINT** <br><br> **Summons** |

## COMPLAINT FOR DAMAGES and TO DECLARE HAWAI'I REVISED STATUTE 572-12, AS APPLIED BY THE DEFENDANTS, UNCONSTITUTIONAL AS VIOLATIVE OF THE UNITED STATES CONSTITUTION, THE CONSTITUTION OF THE STATE OF HAWAI'I AND STATUTES OF THE STATE OF HAWAI'I and for INJUNCTIVE RELIEF

Plaintiff, by and through his undersigned counsel, brings this action on behalf of himself and alleges, upon his personal knowledge and belief as to his own acts, and upon investigation as to the acts of the Defendants, and each of them, their agents and employees, that substantial evidentiary

support exists, or will exist, after a reasonable opportunity for further investigation and discovery to establish the following as fact:

## PRELIMINARY STATEMENT

1.    The State of Hawai'i issues licenses to persons to "solemnize" marriages and to perform the "marriage ceremony".

2.    The statute, Hawai'i Revised Statutes [hereinafter "HRS"] 572-12 is a direct lineal descendant the Law of the Hawaiian Kingdom.

3.    *Laws of the Kingdom,* [1842] Chapter X, entitled "Of Marriage and Divorce", Section 11, states that:

> These, and these only, are the persons who shall solemnize marriages in this country. Those priests who are living here in consistency with the laws of this country. And even they shall not do it independently. Those who desire to be united in wedlock shall first go to the Governor, or to his agent, and obtain a written assent to their marriage, and then it shall be proper for the priest to solemnized the marriage.
>
> See, *Hawaiian Law 1841-1842,* Lahainaluna [1842], private reprint, by Ted Adameck, publisher Pressroom Printer and Designer, Hong Kong, 1994, at 47-48.
>
> See also, *Parke v. Parke,* 25 Haw. 397, 404; 1920 Haw. LEXIS 52, (1920) and, *Kupau, Tax Collector, v. H.P. Richards,* 6 Haw. 245; 1879 Haw. LEXIS 5 (1879).

4.    By licensing these persons, the State makes them "licensees", "agents" and/or "officers" of the State.

5.    Before issuing a license, the State demands that the person seeking a license have an association with a "religious denomination or society" as a "minister, priest, or officer".

6.    The State will not issue a license to a person who does not associate with a "religious denomination or society" as a "minister, priest, or officer".

7.      In addition, the State requires the person applying for a license to identify, state and declare that he, or she is a "minister, priest, or officer" of a "religious denomination or society".

8.      The State will not issue a license to a person who refuses to identify his or her "religious denomination or society".

9.      This lawsuit arises out of the State's requirement that the Plaintiff be a "minister, priest, or officer" of a "religious denomination or society" in order to be granted a license to "solemnize" a marriage and perform the "marriage ceremony".

10.     This lawsuit arises out of the State's requirement that the Plaintiff declare and identify him, or her, self as a "minister, priest, or officer" of a "religious denomination or society" in order to be granted a license to "solemnize" a marriage and perform the "marriage ceremony".

11.     The Plaintiff objects to this requirement that he ***must*** associate with a "religious denomination or society" as a "minister, priest, or officer" in order to become a state agent to "solemnize" a marriage and perform a "marriage ceremony".

12.     The Plaintiff objects to the State's demand that he disclose whether he has an association with a "religious denomination or society", and if so what that association is, in order to become a state agent to "solemnize" a marriage and perform a "marriage ceremony".

13.     Plaintiff seeks injunctive relief to halt the Defendants' illegal practices and seeks to hold the Defendants liable for damages incurred by the Plaintiff as a direct and proximate result of Defendant's lawless behavior and conduct.


## JURISDICTION AND VENUE

14.     This action involves federal questions as it arises under the First and Fourteenth Amendments to the United States Constitution and the laws of the United States of America.

15.     This Court's "original jurisdiction" is founded upon 28 United States Code [hereinafter "U.S.C."] §1331 which holds that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

16.     The Court has original jurisdiction over the Plaintiff's United States constitutional and statutory claims under 28 U.S.C. §1343(a) (3) which states: "(a) ... district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ... (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States...."

17.     The Court has original jurisdiction of this civil action under 28 U.S.C. §1331 and 28 U.S.C. 1343(a)(3) and since the Plaintiff has other claims that are so related to the claims over which the Court has original jurisdiction, the Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) which states, in its pertinent part, that "(a)...the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. ...."

18.     Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Plaintiff's claims arise in the District of Hawai'i.

20.     Plaintiff resides in this district.

21.     Each Defendant resides in this district.

## FACTS RELATED TO LIABILITY

### Parties

#### Plaintiff

22.     Plaintiff, WILLIAM E. WOODS-BATEMAN, also known as William E. Woods ["Plaintiff"], is an individual residing in Honolulu, Hawai'i.

23.     He is a citizen of both the United States of America and its subordinate part, the federal state named the "State of Hawai'i."

#### Defendants

24.     The Defendant "STATE OF HAWAII" is the government of the State of Hawai'i.

25.     Defendant DEPARTMENT OF HEALTH OF THE STATE OF HAWAII [hereinafter "Department of Health"] is established pursuant to HRS §321 and those following.

26.     Defendant CHIYOME FUKINO is the Director of the Department of Health and is sued only in her official capacity as Director of the Department of Health located at 1250 Punchbowl St., Honolulu, Hawaii 96813; Phone (808) 586-4400; Fax (808) 586-4444.

27.     Defendant SUSAN JACKSON is a Deputy Director of the Department of Health and is sued only in her official capacity as the Deputy Director of Health of the Department of Health located at 1250 Punchbowl St., Honolulu, Hawaii 96813; Phone (808) 586-4400; Fax (808) 586-4444.

28.     Defendant ALVIN T. ONAKA is the State Registrar and Chief of the Office of Health Status of the Department of Health and is sued only in his official capacity as the State

Registrar and Chief of the Office of Health Status of the Department of Health located at 1250

Punchbowl Street, Room 104, Honolulu, Hawai`i 96813, Phone (808) 586-4600, Fax (808) 586-

4606.

## Hawai'i's Statutory Scheme to License Persons to "solemnize" Marriages and perform the "marriage ceremony".

29.     The Hawai'i State Supreme Court has held that the:

> power to regulate marriage is a sovereign function reserved
> exclusively to the respective states. … By its very nature, the
> power to regulate the marriage relation includes the power [***47]
> to determine the requisites of a valid marriage contract and to
> control the qualifications of the contracting parties, the forms and
> procedures necessary to "solemnize" the marriage, the duties and
> obligations it creates, its effect upon property and other rights, and
> the [*559] grounds for marital dissolution. … In other words,
> marriage is a state-conferred legal status, the existence of which
> gives rise to rights and benefits reserved exclusively to that
> particular relationship. … So zealously has this court guarded the
> state's role as the exclusive progenitor of the marital partnership
> that it declared, over seventy years ago, that "common law"
> marriages -- i.e., "marital" unions existing in the absence of a state-
> issued license and not performed by a person or society possessing
> governmental authority to "solemnize" marriages -- would no
> longer be recognized in the Territory of Hawaii."

> *Baehr v. Lewin*, 74 Haw. 530, 558-559; 852 P.2d 44; 1993 Haw.
> LEXIS 26 (1993) [internal quotation marks, citations and footnotes
> omitted]

30.     In its exercise of the "sovereign function" the State of Hawai'i has enacted a

statutory scheme, which describes and prescribes the several steps that must be accomplished for

persons to be married under the laws of the State of Hawai'i.

31.     HRS §572-1, entitled "Requisites of valid marriage contract", states, in its

pertinent part, that:

> In order to make valid the marriage contract… it shall be necessary
> that: …(6) The man and woman to be married in the State shall
> have duly obtained a license for that purpose from the agent
> appointed to grant marriage licenses; and (7) ***The marriage***

> *ceremony be performed in the State by a person or society with a valid license to solemnize marriages* and the man and the woman to be married and the person performing the marriage ceremony be all physically present at the same place and time for the "marriage ceremony".
>
> (emphasis added)

32. HRS §572-6, entitled "Application; license; limitations", states, in its pertinent part, that:

> To secure a license to marry, the persons applying for the license shall *appear personally* before an agent authorized to grant marriage licenses and shall *file* with the agent *an application* in writing. ...The *agent* shall *indorse* on the application, over the agent's signature, the date of the filing thereof and shall issue a license which shall bear on its face the date of issuance...
>
> (emphasis added)

33. HRS §572-11, entitled, ""marriage ceremony"; license to solemnize", states, in its pertinent parts, that it:

> shall not be lawful for any person to perform the marriage ceremony within the State without first obtaining from the department of health a license to solemnize marriages.

34. HRS §572-12, entitled "By whom solemnized", states, in its pertinent parts, that:

> *A license to solemnize marriages may be issued to, and the marriage rite may be performed and solemnized by any minister, priest, or officer of any religious denomination or society who has been ordained or is authorized to solemnize marriages according to the usages of such denomination or society, or any religious society not having clergy but providing solemnization in accordance with the rules and customs of that society,* ... upon presentation to such person or society of a license to marry, as prescribed by this chapter. Such person or society may receive the price stipulated by the parties or the gratification tendered.
>
> (emphasis added)

35. Although Hawai'i statute requires that a marriage be "solemnized" it is silent when it comes to providing either a definition of "solemnization" or a description of what form

"solemnization" takes and appears to defer to the "religious denomination" or "religious society" involved to provide the form of the "solemnization" ceremony.

36.     In marriages under Hawai'i law the "solemnizer" is, in fact, the State's appointed celebrant who wields the State's authority at the wedding to join the parties in marriage by performing the "marriage ceremony".

37.     The celebrant's "religious denomination" or "religious society" determines what form the "marriage ceremony" takes and what form the "solemnization" takes.

38.     Subsequently State's appointed celebrant has the duty of reporting the marriage. See HRS 572-13, which follows below.

39.     Solemnizing a marriage and performing the "marriage rite" are lucrative endeavors in which the person licensed to "solemnize" a marriage and perform a "marriage ceremony" receives "the price stipulated by the parties or the gratification tendered". See, HRS §572-12.

40.     HRS §572-13, entitled "Record of solemnization; marriages reported by whom; certified copies", states, in its pertinent part, that:

> (a) Recordkeeping. Every person authorized to solemnize marriage shall make and preserve a record of every marriage by the person solemnized, comprising the names of the man and woman married, their place of residence, and the date of their marriage. ... (b) Marriages reported by whom. It shall be the duty of every person, legally authorized to perform the marriage ceremony, to report within three business days every marriage ceremony, performed by the person, to the agent of the department of health in the district in which the marriage takes place setting forth all facts required to be stated in a standard certificate of marriage, the form and contents of which shall be prescribed by the department of health.

41.     HRS §572-16, entitled "Rules and regulations", states that the:

director of health may make such rules and regulations as
may be necessary or appropriate to carry out the provisions
of this chapter.

## Facts Related to Plaintiff's Application for State License to "solemnize" Marriages

42.     On or about 4 March 2005, Plaintiff began the process to obtain a "valid license to "solemnize" marriages and perform the "marriage ceremony" from the State of Hawai'i pursuant to HRS§572-12.

43.     On or about 4 March 2005, Plaintiff completed a form adopted by the Department of Health titled "Application for Commission to Perform Marriage."

44.     A true, accurate, and complete copy of that Application is hereto as Exhibit 01-Plaintiff's 4 March 2005 Completed Application for Commission to Perform Marriage with an attachment consisting of 2 pages.

45.     Plaintiff provided all the information demanded by the State of Hawai'i in the "Application for Commission to Perform Marriage" except he did not provide responsive answers to Items #9-12.

46.     Items #9, #10, #11, #12, and #13 appearing in Complaint Exhibit 1 requires the Plaintiff to identify, provide, state and disclose, [#9] "where" Plaintiff was "ordained or appointed"; [#10] "when" the Plaintiff was "ordained or appointed"; [#11] the Plaintiff's "denomination or sect"; [#12] the Plaintiff's "present church" and address; and, [#13] the Plaintiff's "title" within that "denomination or sect."

47.     The term "sect" is not used in HRS 572-12 and what the Defendants mean by their use of it is unknown to the Plaintiff. Presumably, it is a synonym for "denomination."

48.     On or about 4 March 2005, the Department of Health, acting through a person only identified as "N. Shima" in response to the Plaintiff's completed "Application for

Commission to Perform Marriage" delivered a typed note to the Plaintiff accompanied by a State-created form, informing Plaintiff on how to fill out the application in order to assure its approval.

49.   The "form" noted that the State of Hawai'i had informed the Plaintiff of the following, that:

> a license can be issued…it is necessary that… [the Plaintiff] comply [sic] with the following items: 1. Complete all items checked in red…. 2. Submit a letter of recommendation from the head of your religious denomination in Hawai'i or from the head of your church in Hawai'i specifically requesting that a license to perform marriages in Hawai'i be granted to you. Upon review of your application and letter of recommendation, your authorization to perform marriages in Hawai'i will be approved.

50.   A true, accurate, and complete copy of that the note from N. Shima and the form instructions are attached hereto as Exhibit 02-Note dated 4 March 2005 from N. Shima to William Woods and Form.

51.   The document that was provided to Plaintiff on 4 March 2005 by the State of Hawai'i, Department of Health, Office of Health Status Monitoring was a form requiring a "letter of recommendation from the head of" the Plaintiff's "religious denomination" in Hawai'i, from the "head of his regional or national headquarters," or, if the Plaintiff was "a minister establishing a new church" then the Plaintiff must provide "information regarding that new church."

52.   HRS 572-12 does not contain these requirements for a "letter of recommendation from the head of" the Plaintiff's "religious denomination" in Hawai'i, for the "head of his regional or national headquarters" or "information regarding that new church."

53.   The Defendants imposed additional, non-statutory qualifications upon the Plaintiff in order for him to become a state agent to "solemnize" a marriage and perform a "marriage

ceremony" in that there is no statutory requirement for a "letter of recommendation from the head" of an applicant's "religious denomination in Hawai'i" or the "head" of an applicant's church in Hawai'i.

54.    On or about 21 March 2005, Defendant ALVIN T. ONAKA, acting in his capacity as the State Registrar and Chief with the State Department of Health, Office of Health Status, wrote to the Plaintiff informing him that his [the Plaintiff's] "Application for Commission to Perform Marriage" had been "rejected."

55.    A true, accurate, and complete copy of that writing is attached hereto as Exhibit 03-Letter dated 21 March 2005 from Onaka to William Woods.

56.    On or about 25 March 2005, Plaintiff wrote and mailed a letter to ALVIN T. ONAKA, in his capacity as State Registrar and Chief with the State Department of Health, Office of Health Status Monitoring, regarding the Plaintiff's application, requesting the "legal basis" for ALVIN T. ONAKA's rejection of his Application.

57.    A true, accurate, and complete copy of that writing is attached hereto as Exhibit 04-Letter dated 25 March 2005 from Plaintiff to Onaka.

58.    On or about 27 May 2005, ALVIN T. ONAKA, in his capacity as the State Registrar and Chief with the State Department of Health, Office of Health Status, wrote to the Plaintiff informing him that he [the Plaintiff] had "failed to provide documentation with [his] application that [he meets] the requirements of HRS 572-12..." and denied Plaintiff's "Application for Commission to Perform Marriage."

59.    A true, accurate, and complete copy of that writing is attached hereto as Exhibit 05-Letter dated 27 May 2005 from Onaka to Plaintiff.

60.     On or about 30 August 2005, the Plaintiff wrote and mailed a letter to ALVIN T. ONAKA, in his capacity as the State Registrar and Chief with the State Department of Health, Office of Health Status Monitoring, regarding the Plaintiff's application.

61.     A true, accurate, and complete copy of that writing is attached hereto as Exhibit 06-Letter dated 30 August 2005 from Plaintiff to Onaka

62.     Beginning shortly before 5 January 2006, the Plaintiff completed and tendered to the Department of Health, a form, which had been adopted by the Department of Health, titled "Application for Commission to Perform Marriage" which was accompanied by a statement elaborating on the answers to Items #9-13 mentioned in paragraph 45-46 above.

63.     A true, accurate, and complete copy of this completed form and accompanying statement is attached hereto as Exhibit 07-5 January 2006 Plaintiff's "Application for Commission to Perform Marriage".

64.     On or about 16 June 2006, a five page "Pre-Complaint Questionnaire-Public Accommodation" with a three page attachment was filed with the Hawai'i Civil Rights Commission by the Plaintiff complaining about the Defendants' actions described in this complaint.

65.     A true, accurate, and complete copy of this document is attached hereto as Exhibit 08-Completed Hawai'i Civil Rights Commission Pre-Complaint Questionnaire-Public Accommodation dated 16 June 2006.

66.     On or about 10 July 2006, a one page letter was sent by Defendant CHIYOME FUKINO in which she claimed incomprehension as to the nature of Plaintiff's complaint.

67.     A true, accurate, and complete copy of this document is attached hereto as Exhibit 09-Letter of 10 July 2006 from Fukino to Plaintiff.

68.     The Defendants never issued a license to the Plaintiff to "solemnize" a marriage or perform a "marriage ceremony".

69.     On or about 7 August 2006, a one page letter was sent by the Hawai'i Civil Rights Commission authored by Hawai'i Civil Rights Commission investigator Mary Wunsch informing Plaintiff that the Hawai'i Civil Rights Commission had "no jurisdiction" over his complaint for discrimination.

70.     A true, accurate, and complete copy of this document is attached hereto as Exhibit 10-Letter of 7 August 2006 from Hawai'i Civil Rights Commission to Plaintiff.

71.     By conditioning the issuance of a license to "solemnize" marriages" only to persons who are a "minister, priest, or officer" of a "religious denomination" or "officer of" A "religious society", the State is compelling the Plaintiff to have a religious association in order to be issued a license to "solemnize a marriages and perform a "marriage ceremony".

72.     The Plaintiff should not be compelled, by the Defendants, to be a "minister, priest, or officer" of a "religious denomination or society" in order to be issued a license by the Defendants order to become a state agent to "solemnize" a marriage and perform a "marriage ceremony".

73.     By conditioning the issuance of a license to "solemnize" marriages" only to persons who will identify what "religious denomination" or "religious society" he, or she is a "minister, priest, or officer of" compels the Plaintiff "speak" and identify a religious association.

74.     Plaintiff should not be compelled to declare whether or not he is a "minister, priest, or officer" of a "religious denomination or society" in order be issued a license to "solemnize" a marriage and perform a "marriage ceremony".

75.     Such compulsory associations and compulsory disclosures impinge upon the Plaintiff's right to associate, or not associate, to speak, and/ or to not speak, and to disclose or not disclose information of a private nature.

76.     Upon information and belief, there is a strong likelihood that the Defendants, and each of them, will continue to engage in the activities described above of not issuing state licenses to persons to "solemnize" marriages and perform "marriage ceremonies" even though the person is qualified in all respects, because they decline to either have and/or identify a religious association, unless ordered not to by a court.

## COUNT I

## FIRST AMENDMENT VIOLATION BY IMPOSING THE REQUIREMENT OF A RELIGIOUS ASSOCIATION AS A PRECONDITION TO STATE LICENSING

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

77.     The First Amendment to the United States Constitution states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; ...

78.     HRS §572-12 states:

> A license to "solemnize" marriages **may** be issued to, and the marriage rite **may** be performed and solemnized by any minister, priest, or officer of any religious denomination or society who has been ordained or is authorized to solemnize marriages according to the usages of such denomination or society, or any religious society not having clergy but providing solemnization in accordance with the rules and customs of that society, ... upon presentation to such person or society of a license to marry, as prescribed by this chapter. Such person or society may receive the price stipulated by the parties or the gratification tendered.

[emphasis added]

79.     HRS §572-12, by using the permissive language "may be issued" and "may be performed" does not, ***on its face***, mandate that an applicant be a "minister, priest, or officer" of a "religious denomination or society" nor does it mandate that an applicant declare what his, or her, religion may be, as a condition for issuing a license to "solemnize marriages" and/or "perform marriage ceremonies".

80.     However the Defendants, and each of them, in their application of HRS §572-12 do, under color of law as a regulation or as a custom or usage, in fact, impose a religious test, not required by the legislation, for issuing a state license to "solemnize" marriages and to perform the "marriage ceremony", by requiring that the Plaintiff be a "minister, priest, or officer" of a "religious denomination or society."

81.     Thus the Defendants impose in fact, but without legislative warrant, a religious test upon persons seeking to obtain a state license to "solemnize" a marriage and perform a "marriage ceremony", and violate the First Amendment of the Constitution of the United States of America.


## COUNT II

## FIRST AMENDMENT
## VIOLATION BY COMPELLING SPEECH

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

82.     The First Amendment to the United States Constitution states:

> Congress shall make no law...or abridging the freedom of speech

83.     HRS §572-12 states:

A license to "solemnize" marriages **_may_** be issued to, and the marriage rite **_may_** be performed and solemnized by any minister, priest, or officer of any religious denomination or society who has been ordained or is authorized to "solemnize" marriages according to the usages of such denomination or society, or any religious society not having clergy but providing solemnnization in accordance with the rules and customs of that society, ... upon presentation to such person or society of a license to marry, as prescribed by this chapter. Such person or society may receive the price stipulated by the parties or the gratification tendered.

[emphasis added]

84.     HRS §572-12, by using the permissive language "may be issued" and "may be performed, does not, **_on its face_**, mandate that an applicant be a "minister, priest, or officer" of a "religious denomination or society" nor does it mandate that an applicant **_declare_** what his, or her, religion may be, or what his relationship to it may be, as a condition for issuing a license to "solemnize marriages" and "perform marriage ceremonies".

85.     HRS §572-12 does not, on its face, require that applicants for a license to "solemnize marriages" and "perform marriage ceremonies, declare an association with a "religious denomination or society."

86.     HRS §572-12, as applied by the Defendants, and each of them, requires the Plaintiff to "speak" and identify an association with a "religious denomination or society."

87.     Thus the Defendants impose, in fact but without legislative warrant, a speech requirement upon persons seeking to obtain a state license to "solemnize" a marriage and perform a "marriage ceremony" and violating the First Amendment of the Constitution of the United States of America.

88.    This abridges the Plaintiff's right to "not speak" about his association with "religious denomination or society" and is compelled speech in violation of the First Amendment of the Constitution of the United States of America.

## COUNT III

## FIFTH AMENDMENT VIOLATION OF DUE PROCESS DEPRIVATION OF LIBERTY AND PROPERTY

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

89.    The Fifth Amendment to the U.S. Constitution states:

> No person shall be … deprived of life, liberty, or property, without due process of law…

90.    Defendants, and each of them, have imposed a religious test for issuing a state license to "solemnize" marriages and to perform the "marriage ceremony".

91.    A person issued a state license to "solemnize" marriages and perform the "marriage ceremony" is authorized by the statute to "receive the price stipulated by the parties or the gratification tendered" for execution of the office granted to him, or her, by the Defendants.

92.    The Defendants have thus created a monopoly in a trade and only allow those with an association to religion to engage in this trade.

93.    This deprives the Plaintiff of both his liberty to engage in a trade and the property that he would have earned from the practice of that trade except for the Defendants refusal to license him to engage in that trade in violation of the Fifth Amendment of the Constitution of the United States of America.

## COUNT IV

## FOURTEENTH AMENDMENT VIOLATION OF EQUAL PROTECTION OF THE LAW BY LIMITING THE ISSUANCE OF LICENSES ONLY TO THOSE PERSONS HAVING A "RELIGIOUS DENOMINATION OR SOCIETY"

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

94.     The Fourteenth Amendment to the U.S. Constitution states:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

95.     Defendants, and each of them, by issuing state licenses to perform and "solemnize" marriages **only** to persons who are a "minister, priest, or officer" of a "religious denomination or society" and refusing to issue such a license to the Plaintiff to "solemnize" marriages and perform the "marriage ceremony" because he is not a "minister, priest, or officer" of a "religious denomination or society" treat the Plaintiff differently in regards to privileges and immunities he holds as a citizen of the United States and thus violates the Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America.

## COUNT V

## FOURTEENTH AMENDMENT VIOLATION OF EQUAL PROTECTION OF THE LAW BY LIMITING THE ISSUANCE OF LICENSES ONLY TO THOSE PERSONS DECLARING THAT THEY HAVE A "RELIGIOUS DENOMINATION OR SOCIETY"

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

96.    The Fourteenth Amendment to the U.S. Constitution states:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

97.    Defendants, and each of them, by issuing state licenses to perform and "solemnize" marriages and perform the "marriage ceremony" **_only_** to persons who declare that they are a "minister, priest, or officer" of a "religious denomination or society" and refusing to issue such a license to the Plaintiff to "solemnize" marriages and perform the "marriage ceremony" either because he refuses to disclose and identify what "religious domination or society" he is associated with, if any, treats the Plaintiff differently in regards to privileges and immunities he holds as a citizen of the United States and thus violates the Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America.

## COUNT VI

## VIOLATION OF FEDERAL CIVIL RIGHTS
## 42 U.S.C. 1983 DESCRIBED IN COUNTS I, II, III AND IV

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

98.     U.S.C. Title 42, Section 1983, entitled "Civil action for deprivation of rights", states, in its pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, …

99.     The Defendants, and each of them, under color of a statute [HRS 572-12], by regulation and usage [the Defendants' interpretation and application of HRS 572-12] have subjected, or cause to be subjected, the Plaintiff who is a citizen of the United States to the deprivation of a right and privilege, secured by the Constitution and laws by imposing a religious test for the issuance of a license to "solemnize" marriages and to perform the "marriage ceremony", in violation of 42 U.S.C. 1983 for the reasons alleged in Counts I, II, III, IV and V appearing above.


## COUNT VII

## STATE CLAIM UNDER ARTICLE I, SECTION 2 DENIAL OF EQUALITY OF INHERENT AND INALIENABLE RIGHTS

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

100.     Article I, Section 2 of the Constitution of the State of Hawai'i provides:

> All persons are free by nature and are equal in their inherent and inalienable rights. Among these rights are the enjoyment of life, liberty and the pursuit of happiness, and the acquiring and possessing of property....

101.    HRS §572-12, as applied by the Defendants, and each of them, imposes a religious test for issuing a state license to "solemnize" marriages and to perform the "marriage ceremony", by requiring that the Plaintiff be a "minister, priest, or officer" of a "religious denomination or society" and treats equally situated persons unequally in violation of Article I, Section 2 of the Constitution of the State of Hawai'i.


## COUNT VIII

### STATE CLAIM UNDER ARTICLE I, SECTION 4
### ESTABLISHING A RELIGION


Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

102.    Article I, Section 4 of the Constitution of the State of Hawai'i provides:

> No law shall be enacted respecting an establishment of
> religion, or prohibiting the free exercise thereof, …

103.    HRS §572-12, as applied by the Defendants, and each of them, imposes a religious test for issuing a state license to "solemnize" marriages and perform the "marriage ceremony" by requiring that the Plaintiff be a "minister, priest, or officer" of a "religious denomination or society" and thus has imposed a religious test for issuing a state license to "solemnize" marriages and performing the "marriage ceremony", in violation of Article I, Section 4 of the Constitution of the State of Hawai'i.


## COUNT IX

### STATE CLAIM UNDER ARTICLE I, SECTION 4
### A LAW REQUIRING ONE DECLARE A RELIGION

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

104.   Article I, Section 4 of the Constitution of the State of Hawai'i provides:

> No law shall be enacted respecting an establishment of religion, or prohibiting the free exercise thereof, …

105.   HRS §572-12, as applied by the Defendants, and each of them, imposes a religious test for issuing a state license to "solemnize" marriages and perform the "marriage ceremony" by requiring the Plaintiff declare whether he is a "minister, priest, or officer" of a "religious denomination or society" and thus has imposed a religious test for issuing a state license to "solemnize" marriages and performing the "marriage ceremony" hence violating Article I, Section 4 of the Constitution of the State of Hawai'i.

## COUNT X

## STATE CLAIM UNDER ARTICLE I, SECTION 5 DUE PROCESS DEPRIVATION OF LIBERTY AND/OR PROPERTY DUE TO RELIGION

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

106.   Article I, Section 5 of the Constitution of the State of Hawai'i provides:

> No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of … religion, …"

107.   HRS §572-12, as applied by the Defendants, and each of them, imposes a religious test for issuing a state license to "solemnize" marriages and perform the "marriage

ceremony" by requiring that the Plaintiff be a "minister, priest, or officer" of a "religious denomination or society".

108.   A person issued a state license to "solemnize" marriages and perform the "marriage ceremony" is authorized by the statute to "receive the price stipulated by the parties or the gratification tendered" for execution of the office granted to him, or her, by the Defendants.

109.   This deprives the Plaintiff of both liberty and property in violation of Article I, Section 5 of the State of Hawai'i.


## COUNT XI

### STATE CLAIM UNDER ARTICLE I, SECTION 5
### DENIAL OF EQUAL PROTECTION BECAUSE OF RELIGION

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

110.   Article I, Section 5 of the Constitution of Hawai'i provides:

> No person shall be ... be denied the equal protection of the laws ... because of ... religion...

111.   HRS §572-12, as applied by the Defendants, and each of them, imposes a religious test for issuing a state license to "solemnize" marriages and perform the "marriage ceremony" by requiring that the Plaintiff be a "minister, priest, or officer" of a "religious denomination or society" and thus uses religion and association with religion as a reason to treat equally situated persons unequally with regards to the issuance of these licenses and denies the Plaintiff equal protection of the laws "because of religion" in violation of Article I, Section 5 of the Constitution of the State of Hawai'i.

## COUNT XII

## STATE CLAIM UNDER ARTICLE I, SECTION 5
## DENIAL OF CIVIL RIGHTS
## OR DISCRIMINATION BECAUSE OF RELIGION

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

112.   Article I, Section 5 of the Constitution of the State of Hawai'i provides:

> No person shall ... be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of ... religion, ..."

113.   HRS §572-12, as applied by the Defendants, and each of them, imposes a religious test for issuing a state license to "solemnize" marriages and perform the "marriage ceremony" by requiring that the Plaintiff be a "minister, priest, or officer" of a "religious denomination or society" in violation of Article I, Section 5 of the State of Hawai'i.

## COUNT XIII

## STATE CLAIM UNDER ARTICLE I, SECTION 5
## DISCRIMINATION COMPELLING IDENTIFICATION OF RELIGION

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

114.   Article I, Section 5 of the Constitution of the State of Hawai'i provides:

> No person shall ... be discriminated against in the exercise thereof because of ...religion...

115.   The Defendants, and each of them, have discriminated against the Plaintiff in the exercise of religion by imposing a religious test, i.e. that requirement that the Plaintiff declare, state, and identify with a religion, as a prerequisite for issuing a state license to "solemnize"

marriages and perform the "marriage ceremony" in violation of Article I, Section 5 of the Constitution of the State of Hawai'i.

## COUNT XIV

### STATE CLAIM UNDER ARTICLE I, SECTION 6 INFRINGEMENT OF RIGHT TO PRIVACY WITHOUT A COMPELLING STATE INTEREST

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

116.    Article I, Section 6 of the Constitution of the State of Hawai'i provides:

> The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest.

117.    The State has no "compelling state interest" in knowing whether or not the Plaintiff has an association with a religious denomination or society.

118.    The Plaintiff has a right to the privacy of his religion and to not have the State know whether Plaintiff has an association with a "religious denomination or society" which is infringed upon when the State imposes a religious test for granting a license to "solemnize" marriages and perform the "marriage ceremony" in violation of Article I, Section 6 of the Constitution of the State of Hawai'i.

## COUNT XV

### STATE CLAIM UNDER ARTICLE I, SECTION 6 INFRINGEMENT OF RIGHT TO PRIVACY AGAINST DECLARING A RELIGION WITHOUT A COMPELLING STATE INTEREST

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

119.   Article I, Section 6 of the Constitution of the State of Hawai'i provides:

> The right of the people to privacy is recognized and shall
> not be infringed without the showing of a compelling state
> interest.

120.   The State has no "compelling state interest" in knowing whether the Plaintiff his a "minister, priest, or officer" of a "religious denomination or society".

121.   Just as the State has no "compelling state interest" in knowing whether the Plaintiff has a relationship to a "religious denomination or society", so too it has no "compelling state interest" in requiring the Plaintiff to declare what his relationship to a "religious denomination or society" is as a precondition to being issued a license to "solemnize" marriages.

122.   The Plaintiff has a right to the privacy of his religion and the right to be silent on matters of religion which is infringed upon when the State imposes a requirement that the Plaintiff declare a religious association before granting a license to "solemnize" marriages and perform the "marriage ceremony" in violation of Article I, Section 6 of the Constitution of the State of Hawai'i.

## COUNT XVI

## STATE CLAIM UNDER ARTICLE I, SECTION 8
## LAWLESS DEPRIVATION OF RIGHTS SECURED TO OTHER CITIZENS NO
## COMPULSORY RELIGIOUS ASSOCIATION

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

123.   Article I, Section 8 of the Constitution of the State of Hawai'i provides"

> No citizen shall be ...deprived of any of the rights or
> privileges secured to other citizens, unless by the law of the
> land.

124.    Plaintiff has a right to associate with a religion as a "minister, priest, or officer" of a "religious denomination or society".

125.    Just as the Plaintiff has a right to associate with a religion as a "minister, priest, or officer" of a "religious denomination or society", he also has the right to **_not_** associate with a religion as a "minister, priest, or officer" of a "religious denomination or society".

126.    This right to not associate is infringed upon when the State imposes a religious test for granting a license to "solemnize" marriages and perform the "wedding ceremony".

127.    The Defendants, and each of them, have secured privileges and rights to some citizens based upon those citizens having an association with a "religious denomination or society" and deprived the Plaintiff of privileges and rights based upon his supposed "non-association" with a "religious denomination or society" in violation of the law of the land in violation of Article I, Section 8 of the Constitution of the State of Hawai'i by imposing a religious test for issuing a state license to "solemnize" marriages and perform the "marriage ceremony.

## COUNT XVII

### STATE CLAIM UNDER ARTICLE I, SECTION 8
### LAWLESS DEPRIVATION OF RIGHTS SECURED TO OTHER CITIZEN NO
### COMPULSORY DISCLOSURE OF RELIGIOUS ASSOCIATION

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

128.    Article I, Section 8 of the Constitution of the State of Hawai'i provides"

> No citizen shall be ...deprived of any of the rights or privileges secured to other citizens, unless by the law of the land.

129.    Plaintiff has a right to disclose his association, if any, with a religion as a "minister, priest, or officer" of a "religious denomination or society".

130.    Just as the Plaintiff has a right to disclose his association, if any, with a religion as a "minister, priest, or officer" of a "religious denomination or society", he also has the right to **_not_** disclose his association, if any, with a religion as a "minister, priest, or officer" of a "religious denomination or society".

131.    This right to not disclose is infringed upon when the State imposes a religious test for granting a license to "solemnize" marriages and perform the "wedding ceremony".

132.    The Defendants, and each of them, have secured privileges and rights to some citizens based upon those citizens who disclose an association with a "religious denomination or society" and deprived the Plaintiff of privileges and rights based upon his non-disclosure of whether he has an association" with a "religious denomination or society" in violation of the law of the land in violation of Article I, Section 8 of the Constitution of the State of Hawai'i by imposing a religious test for issuing a state license to "solemnize" marriages and perform the "marriage ceremony.

## COUNT XVIII

## STATE CLAIM UNDER ARTICLE I, SECTION 22
## RETAINED RIGHTS AND PRIVILEGES

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

133.    Article I, Section 22 of the Constitution of the State of Hawai'i provides:

> The enumeration of rights and privileges shall not be construed to impair or deny others retained by the people.

134.   The right and privilege to be issued a license to "solemnize" marriages and perform the "marriage ceremony" is a right retained by the people that has been impaired or denied by the Defendants, and each of them, in only granting licenses based upon an association "with a religious denomination or society" in violation of Article I, Section 22 of the Constitution of the State of Hawai'i.

## COUNT XIX

### STATE CLAIM UNDER ARTICLE I, SECTION 22
### RELIGIOUS DISCRIMINATION IN PUBLIC ACCOMODATIONS

Plaintiff repeats and incorporates herein by reference the allegations in the section of this Complaint titled "Facts Relating to Liability" as if set forth fully herein.

135.   HRS §489-1, titled "Purpose" states:

> (a) The purpose of this chapter is to protect the interests, rights, and privileges of all persons within the State with regard to access and use of public accommodations by prohibiting unfair discrimination. (b) This chapter shall be liberally construed to further the purposes stated in subsection (a).

136.   HRS §489-2 titled, "Definitions" states:

> 'Person' has the meaning prescribed in section 1-19 and includes ... the State, or any governmental entity or agency.

137.   The STATE OF HAWAI'I is a "person" as the term "person" is defined by HRS §489-2.

138.   THE DEPARTMENT OF HEALTH is a "person" as the term "person" is defined by HRS §489-2.

139.   HRS §489-3, states:

> 'Place of public accommodation' means a business,
> accommodation, refreshment, entertainment, recreation, or
> transportation facility of any kind whose goods, *__services__*,
> facilities, *__privileges__*, *__advantages__*, or *__accommodations are__*
> *__extended__*, offered, sold, or otherwise made available to the
> general public as customers, clients, or visitors.

> [emphasis added]

140.   The STATE OF HAWAI'I is a place "of public accommodation" meaning "a business, accommodation, refreshment, entertainment, recreation, or transportation facility of any kind whose goods, *__services__*, facilities, *__privileges__*, *__advantages__*, or *__accommodations__* are extended, offered, sold, or otherwise made available to the general public as *__customers__*, *__clients__*, or visitors as these terms are intended by HRS 489-3.

141.   The DEPARTMENT OF HEALTH is as place "of public accommodation" meaning a "a business, accommodation, refreshment, entertainment, recreation, or transportation facility of any kind whose goods, *__services__*, facilities, *__privileges__*, *__advantages__*, or *__accommodations__* are extended, offered, sold, or otherwise made available to the general public as *__customers__*, *__clients__*, or visitors as these terms are intended by HRS 489-3.

142.   A "license to "solemnize" marriages" is a "service" as that term is intended in HRS 489-3.

143.   A "license to "solemnize" marriages" is a "privilege" as that term is intended in HRS 489-3.

144.   A "license to "solemnize" marriages" is an "advantage" as that term is intended in HRS 489-3.

145.   A "license to "solemnize" marriages" is an "accommodation" as that term is intended in HRS 489-3.

146.    At its "place of public accommodation", the STATE OF HAWAI'I has "extended, offered, sold or otherwise made available to the general public as customers, clients or visitors" their "services" and/or "privileges" and/or "advantages" and/or "accommodations" in the form of issuing licenses to "solemnize" marriages and performing the "marriage ceremony" as these terms are intended by HRS 489-3.

147.    At its "place of public accommodation", the DEPARTMENT OF HEALTH has "extended, offered, sold or otherwise made available to the general public as customers, clients or visitors" their "services" and/or "privileges" and/or "advantages" and/or "accommodations" in the form of issuing licenses to "solemnize" marriages and performing the "marriage ceremony" as these terms are intended by HRS 489-3.

148.    The Plaintiff is a member of the "general public" in that he is a customer, client or visitor as that term is defined in HRS §489-3.

149.    HRS §489-3, titled "practices prohibition" states, in its pertinent parts, that:

> unfair discriminatory practices which deny, or attempt to deny, a person the full and equal enjoyment of the goods, *services,* facilities, *privileges,* *advantages,* and accommodations of a place of public accommodation on the basis of ..., religion, ... are prohibited.

150.    The Defendants' actions described above in the section of this Complaint titled "Facts Relating to Liability" deny the Plaintiff the "full and equal enjoyment of the Defendants "services", "facilities", "privileges", "advantages" and/or "accommodation" of a place of "public accommodation by denying him a license to "solemnize" a marriage and perform the "marriage ceremony", on the basis of religion as these term are intended by HRS §489-3.

151.    The Defendants actions described above in the section of this Complaint titled "Facts Relating to Liability" constitute "unfair discriminatory practices" as that term is intended in HRS §489-2.

152.   HRS §489-6, entitled "Complaint against unfair discrimination", states that the:

civil rights commission shall receive complaints of unfair
discriminatory treatment in public accommodations in accordance
with the procedures established under chapter 368; provided that
this section shall not apply to complaints under part II of this
chapter.

153.   A complaint was submitted by the Plaintiff to the Hawai'i Civil Rights
Commission.

154.   No action has been taken on the complaint by the Hawai'i Civil Rights
Commission except to assert, erroneously the Plaintiff contends, that it has no jurisdiction.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that the Court:

Declare that Defendants' actions, as alleged herein, violate applicable law;

a.   Award equitable relief, including without limitation, a preliminary and permanent
injunction prohibiting Defendants' continued or future wrongful and illegal
activities as alleged herein;

b.   Award statutory damages to the extent permitted by law to Plaintiff;

c.   Award to Plaintiff his attorneys' fees and other costs of suit, including expert fees, to
the extent permitted by law; and

d.   Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Stephen Laudig HBN 8038
Attorney for Plaintiff
2440 Campus Road #429
Honolulu, HI 96822
Tel: 808-778-4562

Fax: 866-220-2178
Email: Stevelaudig@aol.com

# INDEX TO EXHIBITS ATTACHED TO COMPLAINT

Exhibit 01-Plaintiff's 4 March 2005 Application for Commission to Perform Marriage with attachment consisting of 2 pages ........................... 9

Exhibit 02-Note and Form dated 4 March 2005 from N. Shima to William Woods and the Form ......... 10

Exhibit 03-Letter dated 21 March 2005 from Onaka to William Woods. ........................... 11

Exhibit 04-Letter dated 25 March 2005 from Plaintiff to Onaka ........................... 11

Exhibit 05-Letter of 27 May 2005 from Onaka, to Plaintiff........................... 12

Exhibit 06-Letter of 30 August 2005 from Plaintiff to Onaka ........................... 12

Exhibit 07-5 January 2006 Plaintiff's "Application for Commission to Perform Marriage"............... 12

Exhibit 08-Completed Hawai'i Civil Rights Commission Pre-Complaint Questionnaire-Public Accommodation dated 16 June 2006.................. 13

Exhibit 09-Letter of 10 July 2006 from Fukino to Plaintiff............... 13

Exhibit 10-Letter of 7 August 2006 from Hawai'i Civil Rights Commission to Plaintiff ................ 13